UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

ANDREW NGUYEN,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/12/2025_

25 Cr. 506 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       The Government appeals from the Honorable Henry J. Ricardo's November 4, 2025 oral order releasing Defendant, Andrew Nguyen pending trial subject to certain bail conditions. *See* Initial Conf. Tr., ECF No. 13. On November 4, the Court held a hearing and stayed Nguyen's release pending the Court's decision on the Government's appeal. *See* ECF No. 9. For the reasons stated below, the stay is VACATED, and Judge Ricardo's release order is AFFIRMED. Defendant is ordered released effective immediately.

## BACKGROUND[1]

       On November 4, 2025, at approximately 6:15 a.m., Nguyen was arrested based on an eight-count indictment, which alleges that "between 2020 and at least . . . November 2023 . . . [Nguyen] . . . repeatedly abused his position as a police office in the New York City Police Department (the "NYPD") by soliciting and accepting tens of thousands of dollars in bribe payments in exchange for assisting another individual ("CC-1") with the operation of CC-1's drug trafficking enterprise." Initial Conf. Tr. at 3:15–4:2; Indictment ¶ 1, ECF No. 2. Nguyen is no longer in contact with CC-1. Initial Conf. Tr. at 47:2–8; 58:3–7.

---

[1] The following is drawn from the parties' representations at Nguyen's November 4 presentment and arraignment before Judge Ricardo, the appeal conference before the undersigned on that same date, and the parties' additional submissions on bail. *See* 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at [a] [bail] hearing."); *United States v. Abuhamra*, 389 F.3d 309, 321 n.7 (2d Cir. 2004).

When law enforcement agents searched Nguyen's home and then questioned him upon his arrest, they asked "whether he possessed in his home any AR15 style weapons." *Id.* at 24:6–8. The parties dispute his response, but Judge Ricardo found that "there [was not] any intent to mislead" law enforcement agents. *Id.* at 24:6–8; 42:14–19; 62:3–6. Inside Nguyen's home, law enforcement agents found "two AR15 style rifles," a "loaded magazine," a "short-barreled rifle," a "loaded . . . 9MM firearm that was fully loaded with hollow point bullets," a "fully loaded high capacity drum magazine containing 60 rounds of ammunition," "several [loaded] AR15 style magazines," and "other ammunition." Initial Conf. Tr. at 24:5–25:17. According to the Government, Nguyen does not have a firearms permit. *Id.* at 26:2–3. These weapons and ammunition were removed from Nguyen's home by law enforcement agents. *Id.* at 43:5–9. Following his arrest, Nguyen made an audiotaped post-*Miranda* statement in which he admitted to various criminal conduct, including transporting drugs for CC-1 while equipped with his NYPD credentials and carrying a firearm. *Id.* at 28:15–29:4. Nguyen has been a long-term resident of New York, where he continues to live with his partner, three children, and various family members. *Id.* at 44:19–45:12; Appeal Tr. at 10:18–23. Nguyen is currently employed as a public bus driver in Westchester. Initial Conf. Tr. at 52:24–53:3.

After a lengthy oral argument at Nguyen's presentment and arraignment, Judge Ricardo released Nguyen pending trial. *See generally id.* In determining whether there are conditions of release that will reasonably assure Nguyen's appearance in court and the safety of the community, under 18 U.S.C. § 3142(g), Judge Ricardo determined that although there is a presumption in favor of detention in this case, Nguyen had rebutted that presumption. *Id.* at 59:12–18.

First, as to the nature and circumstance of the offense, Judge Ricardo acknowledged that

2

"the crimes charged are serious" and "carry potentially a heavy sentence," which "creates a risk of flight." *Id.* at 59:19–24. But Judge Ricardo found that "the indictment doesn't contain allegations of any actual violent acts committed." *Id.* at 60:2–14. Second, Judge Ricardo concluded that although the weight of the evidence was strong because Nguyen "has conceded at least some number of the allegations in the indictment," an "acknowledgement of guilt does not suggest that he [is] a major flight risk," and instead "suggests . . . the opposite." *Id.* at 61:15–21. Third, Judge Ricardo determined that Nguyen has no criminal history, has long-term ties to the community, has family, children, and relatives in the community, and presently has gainful employment, all of which rebut the presumption of detention. *Id.* at 60:22–61:12. Fourth, Judge Ricardo found that Nguyen "most strongly rebutted the Government's case" by showing that although "all the criminal activity that's charged here was tied to CC-1, [his] long-term friend . . . CC-1 [is] now totally out of the picture." *Id.* at 61:13–62:2. Judge Ricardo expressed some concern about the weapons found in Nguyen's home and whether he admitted to possessing them when questioned upon arrest, but because they were removed and Nguyen could be subject to conditions to prevent him from obtaining weapons in the future, Judge Ricardo concluded that Nguyen's dangerousness was rebutted. *Id.* at 62:3–9.

Ultimately, Judge Ricardo found that Nguyen does not pose of threat of danger to the community or a flight risk and imposed the following conditions of pretrial release: (1) Nguyen's signature on a bond in the amount of $400,000 with three cosigners; (2) supervision by Pretrial Services; (3) surrender of all travel applications with no new applications; (4) restriction of his travel to the Southern and Eastern Districts of New York; (5) surrender of all firearms and firearms licensing with proof provided to Pretrial Services; (6) prohibition against from possessing a firearm, destructive device, or other dangerous weapon, (7) continued verifiable

3

employment; (8) prohibition against from contact with any coconspirators, victims, or witnesses unless in the presence of counsel; (9) submission to initial drug testing; and (10) observance of a curfew enforced by location monitoring. *Id.* at 62:24–63:19.

## DISCUSSION

I.  Legal Standard

A district court reviews *de novo* a magistrate judge's decision to release or detain a defendant. *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985); *United States v. Jones*, 566 F. Supp. 2d 288, 289–90 (S.D.N.Y. 2008). Ordinarily, a defendant is to be released pending trial unless the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant or the safety of any other person in the community. 18 U.S.C. § 3142(e). When there is probable cause to believe that the defendant committed a drug offense for which the maximum term of imprisonment is ten years or more, the bail statute establishes a rebuttable presumption that the defendant poses a danger to the community and will not appear for trial. *Id.* § 3142(e)(3)(A). The statute also applies this presumption where there is probable cause to believe that the defendant committed a firearm offense in violation of 18 U.S.C. § 924(c). *Id.* § 3142(e)(3)(B).

In presumption cases, the initial burden of production falls on the defendant, who must introduce "some evidence" rebutting the presumption of dangerousness and flight risk. *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). If the defendant produces such evidence, "the presumption, rather than disappearing altogether, continues to be weighed along with [the] other factors to be considered when deciding whether to release a defendant." *Id.* Those factors include: (1) the nature and circumstances of the offense, including whether the offense involves

a controlled substance; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of any danger the defendant poses to the community. *See* 18 U.S.C. § 3142(g). At all times, the Government retains the ultimate burden of persuasion to establish that the defendant poses a danger to the community by clear and convincing evidence or a flight risk by a preponderance of the evidence. *Rodriguez*, 950 F.2d at 88.

II. Analysis

Having considered the Government's appeal, Nguyen's opposition, and Judge Ricardo's detention order, the Court finds Nguyen has provided sufficient evidence to rebut the presumption of dangerousness and flight risk and that the Government has not met its ultimate burden of persuasion.

The parties agree that the presumption in favor of detention applies based on the charges in the indictment. Appeal Tr. at 5:23–6:4, 21:7–16; *see also* Initial Conf. Tr. at 13:3–14; 18 U.S.C. § 3142(e)(3)(A)–(B).

The Government contends that there are no conditions or combination of conditions that will assure Nguyen's appearance. First, the Government argues that Nguyen poses a flight risk. The Government presents evidence demonstrating that there is probable cause that Nguyen committed the conduct alleged in the Indictment and that Nguyen admitted to certain alleged conduct in a post-arrest, post-*Miranda* interview with law enforcement. Appeal Tr. at 11:7–10, 10:18–23. The Government calls into question Nguyen's trustworthiness because Nguyen allegedly did not disclose the weapons that were in his home when he was searched by law enforcement, and the alleged conduct occurred while he was under oath as an NYPD officer. *Id.* at 16:3–10; 17:21–18:6.

5

Next, the Government argues that Nguyen poses a danger to the community. The Government contends that during Nguyen's participation in the alleged drug enterprise, he possessed a firearm while transporting drugs for CC-1 and that although certain conduct did not occur because law enforcement intervened, Nguyen was "willing and prepared" to use the firearm and engage in violence "if violence became necessary." Appeal Tr. at 8:7–12; 8:23–9:8. The Government claims that Nguyen was found in possession of four firearms, which the Government claims he possessed without a permit, and large amounts of ammunition; according to the Government, these weapons and ammunition "constitute sufficient danger" to warrant Nguyen's detention. *Id.* at 11:20–12:13; 16:11–25; *see also* Govt. Ex. B (photographs of firearms and ammunition seized from Nguyen's home).

Nguyen argues that he has rebutted the presumption of detention because he has produced evidence that he does not pose a risk of flight and that he is not dangerous. With regard to flight risk, Nguyen argues that he has "considerable" ties to the community. *Id.* at 22:6. He was born in the Bronx and has "never lived anywhere" outside of New York. *Id.* at 22: 6–7. He has his "entire family[] here;" he lives in Harriman, New York, with his partner, his "three children," two of which are still fairly young, "a 22-year-old stepchild," and "his brother . . . who has a variety of health problems." *Id.* at 22:7–19; 23:14. The defense claims that Nguyen is the "chief bread winner in his home," and he is no longer a police officer, but he remains employed as a bus driver between Westchester and Rockland counties, making an income that "his family depends upon." *Id.* at 22:20–23:6. The defense also maintains that Nguyen's post-arrest interview "essentially strengthened the case against him through confession" and demonstrates "somebody who has recognized that he has a fair chance with a judicial process ahead of him, and that he's going to go through the process and appear in court

6

where necessary." *Id.* at 24:14–22.

As for dangerousness, Nguyen argues that because the alleged criminal conduct all relates to the presence of CC-1 and the "government appears to have taken [CC-1] out of the equation some time ago," this rebuts a presumption of Nguyen's dangerousness. *Id.* at 28:20–29:2. The defense also contends that the firearms Nguyen possessed were seized upon his arrest and that there are conditions, like those imposed by Judge Ricardo's pretrial release order, that can "take firearms out of the equation." *Id.* at 29:17–30:5, 31:18–23. Nguyen's partner has now turned over the remaining firearm in their residence. *See* ECF No. 6-1. The defense claims that although the Indictment alleges "instances of potential violence," Nguyen did not "hurt people" when carrying firearms, nor did he brandish the firearms. *Id.* at 30:24–31:17. The defense also notes that the Pretrial Services report dated November 4, 2025, additionally rebuts the presumption of detention. Pretrial Services recommended release and "stringent provisions for [Nguyen's] release terms" such that "firearms [are] out of the equation." Appeal Tr. at 29:20–30:3.[2] Finally, the defense argues that despite the November 2023 events, the "Government saw fit to allow . . . Nguyen to remain at large for approximately two years" and that there is "no reason to believe" that he "would suddenly become violent in new ways" such that Nguyen's detention is warranted here. *See* ECF No. 12 at 2.

Considering Nguyen's history and characteristics and the nature and seriousness of any danger he poses to the community, the Court concludes that defense counsel has presented evidence that rebuts this presumption. Nguyen has strong ties to the community, including life-

---

[2] The Government argues that the report is "insufficient" because it does not consider the strength of the case and the penalties that Nguyen is facing—factors this Court must consider under § 3142(g). Appeal Tr. at 21:1–2; Initial Conf. Tr. at 27:14–22. The Court has reviewed the report and assigned it appropriate evidentiary weight in consideration of the § 3142(g) factors.

7

long residency in New York, family members who depend on him for support, and employment as a bus operator between Westchester and Rockland counties. *See id.* at 22:6–19; 23:14. Nguyen's admissions to law enforcement officers upon his arrest militate against his flight risk and instead demonstrate that he is willing to participate in the judicial process. In addition to Nguyen's strong ties to the community, a combination of pretrial release conditions will continue to ensure Nguyen's appearance in court, including location monitoring, travel restrictions, and the surrender of all travel documents. All the firearms and ammunition that Nguyen possessed in his home have now been seized or otherwise submitted to the authorities, *see id.* at 29:17–30:5, 31:18–23; ECF No. 6-1, and there are also conditions, like those imposed by Judge Ricardo, that can be put in place to reasonably ensure the safety of the community, including a certification from Nguyen to Pretrial Services that his home is free of weapons and a prohibition on possessing or obtaining any other weapons. A pretrial release condition prohibiting Nguyen from contacting any coconspirators, victims, or witnesses, and the Government's failure to rebut Nguyen's assertion that CC-1 is out of the picture, further militate against Nguyen's detention.

Weighing the § 3142(g) factors, including the presumption of detention, and considering all the evidence, the Court concludes that the Government has not met its burden to establish by clear and convincing evidence that Nguyen poses a danger to the community, nor has it shown that he poses a flight risk by a preponderance of the evidence. The defense has sufficiently rebutted the presumption of detention. A combination of conditions on Nguyen's release pending trial will reasonably assure his appearance in this matter and assure the safety of the community.

By letter dated November 6, 2025, Nguyen requests a modification of his bail conditions such that he can maintain his employment as a bus operator. *See* ECF No. 10. The Court

GRANTS Nguyen's request to modify his conditions to permit his continued employment. Accordingly, Nguyen is released subject to the following conditions of release pending trial. Nguyen:

1. Must sign a bond in the amount of $400,000 with three cosigners;

2. Is subject to supervision by Pretrial Services;

3. Must surrender all travel applications with no new applications;

4. Must not travel outside of the Southern and Eastern Districts of New York without approval from Pretrial Services or the Court;

5. Must surrender all firearms and firearms licensing with proof provided to Pretrial Services;

6. Is prohibited from possessing a firearm, destructive device, or other dangerous weapon,

7. Must continue verifiable employment;

8. Is prohibited from contact with any coconspirators, victims, or witnesses unless in the presence of counsel;

9. Must submit to drug testing; and

10. Must submit to a curfew enforced by location monitoring. Nguyen is permitted to continue employment as a bus driver and must complete shifts on the days and at the times provided to and verified and approved by Pretrial Services.

## CONCLUSION

For the foregoing reasons, Judge Ricardo's release order, ECF No. 13, is AFFIRMED. Nguyen shall be released from custody immediately and is subject to the conditions of pretrial release as set forth in this order.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 10.

SO ORDERED.

Dated: November 12, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge