USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    1/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :

UNITED STATES OF AMERICA

                              :       CONSENT PRELIMINARY ORDER

          - v. -                      OF FORFEITURE/

                              :       MONEY JUDGMENT

ANDREW NGUYEN,

                              :       25 Cr. 506 (AT)

          Defendant.

                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about October 29, 2025, ANDREW NGUYEN (the "Defendant"), was charged in an eight-count Indictment, 25 Cr. 506 (AT) (the "Information"), with conspiracy to commit honest services wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); honest services wire fraud, in violation of Title 18, United States Code, Sections 1343, 1346, and 2 (Count Two); conspiracy to commit federal program bribery, in violation of Title 18, United States Code, Section 371 (Count Three); federal program bribery, in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 2 (Count Four); conspiracy to distribute narcotics and controlled substances, in violation of Title 21, United States Code, Section 846 (Count Five); use, carrying, and possession of a firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Six); conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Count Seven); and attempted possession with intent to distribute narcotics, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A) (Count Eight);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four, and Seven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds

traceable to the commission of the offenses charged in Counts One through Four, and Seven of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One through Four, and Seven of the Indictment;

WHEREAS, the Indictment also included a forfeiture allegation as to Counts Five and Eight of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts Five and Eight of the Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts Five and Eight of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Five and Eight of the Indictment;

WHEREAS, the Indictment also included a forfeiture allegation as to Count Six of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count Six of the Indictment;

WHEREAS, on or about January 5, 2026, the Defendant pled guilty to Counts Three, Five, and Six of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts Three, Five, and Six of the Indictment, and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), a sum of money equal to

$30,000 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count Three of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $30,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Matthew King and Jonathan Rebold, of counsel, and the Defendant and his counsel, Martin Bell, Esq., that:

1.      As a result of the offense charged in Count Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $30,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant ANDREW NGUYEN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals

Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

8.      The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          12/29/25
        MATTHEW J. KING                                     DATE
        JONATHAN E. REBOLD
        Assistant United States Attorneys
        26 Federal Plaza
        New York, NY 10278
        (212) 637-2384 / -2512


ANDREW NGUYEN

By: _____          01/29/26
        ANDREW NGUYEN                               DATE


By: _____          1/29/26
        MARTIN S. BELL, ESQ.                         DATE
        Attorney for Defendant
        425 Lexington Avenue
        New York, NY 10017


SO ORDERED:

_____          1/29/2026
HONORABLE ANALISA TORRES                DATE
UNITED STATES DISTRICT JUDGE